1   Robert W. Unikel (IL Bar #6216974)
2   (*pro hac vice*)
    robertunikel@paulhastings.com
    PAUL HASTINGS LLP
3   71 South Wacker Dr., 45th Floor
    Chicago, IL 60606
4   Telephone: (312) 499-6000
    Facsimile: (312) 499-6100
5
    Elizabeth L. Brann (CA Bar #222873)
6   elizabethbrann@paulhastings.com
    PAUL HASTINGS LLP
7   4747 Executive Drive, 12th Floor
    San Diego, California  92121
8   Telephone:  (858) 458-3000
    Facsimile:  (858) 458-3005
9
    [ADDITIONAL COUNSEL LISTED ON
10  SIGNATURE PAGE]
11  Attorneys for Defendant Google LLC
12
                UNITED STATES DISTRICT COURT
13
              SOUTHERN DISTRICT OF CALIFORNIA
14
                    SAN DIEGO DIVISION
15
16
17  VEDANTI LICENSING LIMITED,        CASE NO. 3:20-CV-01344-BEN-WVG
    LLC,
18                                    **REQUEST FOR JUDICIAL**
             Plaintiff,               **NOTICE IN SUPPORT OF**
19                                    **DEFENDANT'S MOTION TO**
         vs.                          **DISMISS PURSUANT TO FED. R.**
20                                    **CIV. P. 12(B)(6) AND MOTION TO**
    GOOGLE LLC,                       **STRIKE PURSUANT TO FED. R.**
21                                    **CIV. P. 12(F)**
             Defendant.
22                                    Date:  October 13, 2020
                                      Time:  10:30 a.m.
23                                    Judge: Hon. Roger T. Benitez
                                      Courtroom 5A
24
25
26
27
28

Defendant Google LLC ("Google") respectfully requests that the Court consider certain documents identified below in connection with Google's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion to Strike Pursuant to Fed. R. Civ. P. 12(f) ("Motion") because: (1) the Court may take judicial notice of the following documents and certain terms contained therein pursuant to Federal Rule of Evidence 201 and related authority; and (2) certain documents were referenced or relied upon in the Complaint (Dkt. 1) as identified below. These documents are attached as Exhibits to the Declaration of Robert W. Unikel in Support of Defendant's Motion ("Unikel Declaration").

| Exhibit | Description | Basis |
|---------|-------------|-------|
| Ex. A | Search results for any copyrights held by Vedanti in the Online Copyright Public Records Catalog maintained by the U.S. Copyright Office | FRE 201 and because referenced or relied upon in Complaint |
| Ex. B | U.S. Patent Office's record of assignment history for U.S. Patent No. 7,974,339 ("339 Patent") | FRE 201 and because referenced or relied upon in Complaint |
| Ex. C | LLC Registration for Vedanti Licensing Limited LLC from the California Secretary of State | FRE 201 |
| Ex. D | IPR2016-00212, Final Written Decision (May 17, 2017) | FRE 201 and because referenced or relied upon in Complaint |
| Ex. G | IPR2016-00212, Patent Owner Vedanti Systems Limited's Mandatory Notices (Dec. 9, 2015) | FRE 201 |
| Ex. H | IPR2016-00212, Patent Owner's Updated Mandatory Notice (Aug. 11, 2016) | FRE 201 |
| Ex. I | IPR2016-00212, Patent Owner's Third Updated Mandatory Notice (Jan. 12, 2017) | FRE 201 |

Federal Rule of Evidence 201 authorizes this Court to take judicial notice of facts "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Rule mandates that judicial notice be taken "if a party requests it and the court is supplied with the necessary information," *id.* at 201(c), and authorizes judicial notice "at any stage of the proceeding," *id.* at 201(d). *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.") (citation omitted).

It is well settled that records and reports from government agencies are the proper subject of judicial notice. *See, e.g.*, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (judicial notice may be taken of "[r]ecords and reports of administrative bodies"); *Cota v. Maxwell-Jolly*, 688 F. Supp. 2d 980, 998 (N.D. Cal. 2010) ("The Court may properly take judicial notice of the documents appearing on a governmental website.").

Specifically, it is appropriate to take judicial notice of the PTAB's Final Written Decision (Ex. D) and other PTAB filings (Exs. G–I). *See Papai v. Harbor Tug & Barge Co*., 67 F.3d 203, 207 n.5 (9th Cir. 1995), *rev'd on other grounds*, 520 U.S. 548 (1997) ("Judicial notice is properly taken of orders and decisions made by other courts or administrative agencies."); *PersonalWeb Techs. LLC v. Google LLC*, No. 5:13-cv-01317-EJD, 2020 WL 520618, at *6 n.4 (N.D. Cal. Jan. 31, 2020) ("The IPR materials cited by Defendants and Plaintiff are subject to judicial notice.") (*appeal filed*).

The '339 Patent's assignment history (Ex. B), as reflected by the PTO records, is also eligible for judicial notice. "Because the USPTO documents are public records 'capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned,' judicial notice is proper." *Seoul Laser*

1    *Dieboard Sys. Co. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1194 n. 2 (S.D. Cal.

2    2013); *Certified Nutraceuticals, Inc. v. Avicenna Nutraceutical, LLC*, No. 3:16-cv-

3    02810, 2018 WL 4385368, at *1 (S.D. Cal. Sept. 14, 2018) ("The Court takes

4    judicial notice of the '319 Patent's assignment history, which is publicly available

5    on the United States Patent and Trademarks Office's ('USPTO's') website").

6        Further, the Court may properly take judicial notice of the LLC Registration

7    for Vedanti Licensing Limited LLC from the California Secretary of State. Courts

8    in this district routinely do so. *See, e.g.*, *Kearny Mesa Real Estate Holdings, LLC v.*

9    *KTA Constr., Inc.*, No. 17-cv-207, 2017 WL 3537753, at *3 (S.D. Cal. Aug. 16,

10   2017) (taking judicial notice of a Certificate of Registration issued by the California

11   Secretary of State); *Phillips v. Wells Fargo Bank, N.A.*, No. 09-cv-1486, 2009 WL

12   3756698, at *3 (S.D. Cal. Nov. 6, 2009) (taking judicial notice of a copy of the

13   California Secretary of State's office records regarding the status of a foreign

14   limited liability company as an active and registered foreign entity).

15       Google respectfully requests that the Court also take judicial notice of the

16   online records of the Copyright Office (Ex. A). "[U]nder Fed. R. Evid. 201, a court

17   may take judicial notice of 'matters of public record,'" including copyright

18   registrations. *LePatner C3, LLC v. Thomas Jefferson Sch. of Law*, No. 14-cv-758,

19   2014 WL 2436295, at *3 (S.D. Cal. May 30, 2014) (citation omitted); *ATPAC, Inc.*

20   *v. Aptitude Sols., Inc.*, No. CIV. 2:10294 WBS KJM, 2010 WL 1779901, at *3

21   (E.D. Cal. Apr. 29, 2010) (taking judicial notice of a copy of the Copyright Office's

22   webpage "because the record is generated by an official government website such

23   that its accuracy is not reasonably in dispute").

24       The Court may also take judicial notice of the USPTO assignment records,

25   the Copyright Office records, and the Final Written Decision of the PTAB because

26   "they are integral to the plaintiff's claims and their authenticity is not disputed."

27   *simplehuman, LLC v. iTouchless Housewares & Prods., Inc.*, No. 19-cv-02701,

28   2019 WL 5963245, at *2 (N.D. Cal. Nov. 13, 2019) (*citing Parrino v. FHP, Inc.*,

146 F.3d 699, 705–06 (9th Cir. 1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 681 (9th Cir. 2006)). The USPTO assignment records (Ex. B) and Copyright Office records (Ex. A) are not attached to Plaintiff's Complaint, but the Complaint bases its alleged standing to bring this action on Plaintiff's claim that it "is the owner by assignment of all rights, title, and interests in the '339 Patent and the Vedanti Source Code and is entitled to sue for past and future infringement thereof." Dkt. 1, ¶ 23. Thus, the assignment records and copyright registration records are an integral part of Plaintiff's claims. The Final Written Decision (Ex. D) is referenced in the Complaint and is integral to Vedanti's claims (*i.e.*, which patent claims Vedanti is eligible to assert). In its Complaint, Vedanti states "the PTAB determined on May 17, 2017 that claims 1, 6, 7, 9, 10, 12, and 13 of the '339 Patent were unpatentable under 35 U.S.C. 103 over the combination of the Spriggs and Golin references . . . the remaining claims of the '339 Patent—claims 2, 3, 4, 5, 8, and 11—are still valid and enforceable today." Dkt. 1, ¶¶ 35–36. The Court may properly take judicial notice of these records because they are officially published on and publicly accessible on the USPTO and Copyright Office websites. Thus, they are ascertainable, verifiable, and their accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b)(2).

Therefore, Google requests that the Court take judicial notice of Exhibits A–D and G–I of the Unikel Declaration.

DATED:  September 8, 2020          Respectfully submitted,

By:  */s/ Robert W. Unikel*

Robert W. Unikel (IL Bar #6216974)
(*pro hac vice*)
robertunikel@paulhastings.com
**PAUL HASTINGS LLP**
71 South Wacker Dr., 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Elizabeth L. Brann (CA Bar #222873)
elizabethbrann@paulhastings.com
Ariell Nicole Bratton (CA Bar #317587)
ariellbratton@paulhastings.com
**PAUL HASTINGS LLP**
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Robert Laurenzi (NY Bar #3024676)
(*pro hac vice*)
robertlaurenzi@paulhastings.com
**PAUL HASTINGS LLP**
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 318-6100

Tad Richman (CA Bar #268091)
tadrichman@paulhastings.com
**PAUL HASTINGS LLP**
2050 M Street NW,
Washington, D.C. 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

*Attorneys for Defendant Google LLC*