UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VEDANTI LICENSING LIMITED, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.  5:21-cv-01643-EJD<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 78 |

In connection with its motion for attorneys' fees (Dkt. No. 79), Defendant Google LLC ("Google") seeks to file portions of its brief and the accompanying Declaration of Robert W. Unikel ("the Unikel Declaration") under seal. Dkt. No. 78. Having considered Google's moving papers, the Court denies the motion to seal.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation omitted). If the court record is "more than tangentially related to the merits of the case," then there is a "strong presumption in favor of access." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178. However, if a litigant seeks to seal documents or information in connection with a motion that is only tangentially related to the merits of the case, they need only meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1098–99; *Kamakana*, 447 F.3d at 1179–80.

Here, Google seeks to seal the amount of fees it seeks and the number of hours its counsel worked. This information is only tangentially related to the merits of the case, therefore the good

1  cause standard applies.

2  Google asserts that revealing the amount of fees it seeks and the number of hours its

3  counsel worked on this case "would harm Google's competitive standing if released publicly."

4  Dkt. No. 78 at 1. The only support for this argument appears in the Unikel Declaration:

> Prospective plaintiffs would have information about Google's litigation expenditures that could be used to Google's disadvantage in licensing and settlement negotiations. Competitors would have insight into amounts paid by Google for legal services that could be used to Google's disadvantage in competing for the retention of counsel. Prospective counsel would have information about the rates Google is willing to pay for legal services and could use that information to demand payment of higher legal fees than Google would otherwise have to pay.

Dkt. No. 78-1 ¶ 3. These arguments are entirely speculative in nature; Google provides no factual support for these suppositions. Information concerning the going rates for attorneys in this District is already widely available. *See, e.g.*, *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co. Ltd.*, No. 5:18-cv-05561-EJD, 2020 WL 5847505, at *6 (N.D. Cal. Sept. 30, 2020) (listing cases describing reasonable rates). The Court further notes that Google has not sought to seal such information in other cases where it has sought attorneys' fees. *See, e.g.*, *Daniels v. Alphabet Inc.*, No. 5:20-cv-04687-VKD, Dkt. No. 39 (N.D. Cal. July 27, 2021); *Max Sound Corp. v. Google, Inc.*, No. 14-cv-04412-EJD, 2017 WL 4536342 (N.D. Cal. Oct. 11, 2017). Google does not cite to any cases where courts have sealed the amount of fees and number of hours in a fees motion. No good cause exists for sealing the information as Google has requested.

Accordingly, Google's administrative motion to file under seal is DENIED. Google shall file an unredacted version of its motion and the Unikel Declaration on the public docket by **August 9, 2021**.

**IT IS SO ORDERED.**

Dated: August 5, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01643-EJD
ORDER DENYING ADMIN. MOT. TO SEAL
2