UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VEDANTI LICENSING LIMITED, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.   5:21-cv-01643-EJD<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 82 |

In this patent infringement suit, Defendant Google LLC ("Google") seeks $426,631.14 in attorneys' fees from Plaintiff Vedanti Licensing Limited, LLC ("Vedanti") under 35 U.S.C. § 285. Dkt. No. 82. The Court finds the matter suitable for resolution without oral argument. Civ. L.R. 7-1(b). Having considered the parties' written submissions, the Court DENIES the fees motion because this is not an exceptional case under § 285.

**I.   BACKGROUND**

Defendant Google is a Delaware limited liability company headquartered in Mountain View, California. Am. Compl., Dkt. No. 20 ¶ 15. Plaintiff Vedanti is California limited liability company that owns all rights and interests in U.S. Patent No. 7,974,339 ("the '339 patent"), entitled "Optimized Data Transmission System and Method." *Id.* ¶¶ 14, 32, Ex. A; Dkt. No. 38-7 ¶ 5.

**A.   Previous Proceedings Involving the '339 Patent**

An entity called Vedanti Systems Ltd. ("VSL") previously held all rights and interests in the '339 patent. Dkt. No. 38-7 ¶ 3. VSL was founded by Constance Nash, one of the named

Case No.: 5:21-cv-01643-EJD
ORDER DENYING MOT. FOR ATTYS' FEES
1

inventors of the '339 patent. Am. Compl. ¶¶ 23, 32. Together with another company, Max Sound Corporation ("Max Sound"), VSL asserted the '339 patent against Google in the District of Delaware in August 2014, but voluntarily dismissed the action after two months. *Vedanti Sys. Ltd. v. Google, Inc.*, No. 1:14-cv-01029-GMS, Dkt. No. 13 (D. Del. Oct. 1, 2014).

In October 2014, Max Sound alone filed another suit against Google, this time in the Northern District of California, asserting infringement of claims 1, 6, 7, 9, 10, 12, and 13 of the '339 patent ("the *Max Sound* action"). *Max Sound Corp. v. Google, Inc.*, No. 5:14-cv-04412-EJD, Dkt. No. 1 (N.D. Cal. Oct. 1, 2014). During the pendency of the *Max Sound* action, Google filed two petitions for *inter partes* review ("IPR") on claims 1, 6, 7, 9, 10, 12, and 13. The Patent Trial and Appeal Board ("PTAB") instituted both IPRs and ultimately found all challenged claims unpatentable as obvious in view of the combination of U.S. Patent No. 4,791,486 ("Spriggs") and U.S. Patent No. 5,225,904 ("Golin"). Decl. of R. Unikel in Supp. of Google's Mot. for Attorneys' Fees ("Unikel Decl."), Dkt. No. 82-1, Exs. B, C, D, E; Dkt. No. 22-19 at 10–11, 58.

This Court eventually dismissed the *Max Sound* action for lack of standing and awarded attorneys' fees under 35 U.S.C. § 285 to Google. *Max Sound Corp. v. Google, Inc.*, No. 14-cv-04412-EJD, 2017 WL 4536342 (N.D. Cal. Oct. 11, 2017). Vedanti appealed the outcome of the IPRs, and the Federal Circuit Court of Appeals affirmed the PTAB's decision to cancel those claims. 756 F. App'x 994 (Fed. Cir. 2019) (per curiam).

**B.     This Action**

While the *Max Sound* action was ongoing, on October 4, 2016, VSL assigned all rights, title, and interest in the '339 patent to Vedanti Licensing Limited (UK), which subsequently assigned all rights, title, and interest in the '339 patent to Vedanti on June 6, 2020. Dkt. No. 38-7 ¶¶ 3-4; *see also* Am. Compl. ¶¶ 23, 32.

On July 16, 2020, Vedanti filed this action against Google in the Southern District of California. Dkt. No. 1. Vedanti asserted a claim for infringement of the remaining claims 2, 3, 4, 5, 8, and 11 of the '339 patent and a claim for copyright infringement of its source code. *Id.* ¶¶ 101, 119-123. Google moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) because

Case No.: 5:21-cv-01643-EJD
ORDER DENYING MOT. FOR ATTYS' FEES
2

(1) the remaining claims of the '339 patent were invalid under collateral estoppel, and (2) Vedanti did not yet possess a valid copyright registration for its source code, a prerequisite for asserting copyright infringement. Dkt. No. 17. Instead of opposing Google's motion to dismiss, Vedanti elected to amend its complaint, dropping the copyright claim. Dkt. No. 20. Google again moved to dismiss the patent claim based on collateral estoppel and further moved to transfer venue to the Northern District of California. Dkt. Nos. 22, 25. Vedanti opposed both motions. Dkt. Nos. 28, 38. The Southern District of California denied Google's motion to dismiss but granted the motion to transfer. Dkt. Nos. 46, 46-1.

On November 17, 2020, while Google's motions to dismiss and to transfer venue were pending, Google filed a request for *ex parte* reexamination of the remaining '339 patent claims based on the same Spriggs and Golin prior art upon which the PTAB invalidated the other claims during the IPRs. Unikel Decl., Ex. G. The U.S. Patent and Trademark Office ("USPTO") granted the reexamination request on December 4, 2020 and permitted the patent owner two months to file a responsive statement explaining why the remaining claims remained patentable over Spriggs and Golin. Dkt. No. 41-3.

Upon the USPTO's grant of the reexamination request, Google moved to stay this action pending the outcome of the reexamination. Dkt. No. 41. Vedanti opposed, arguing that the reexamination was not likely to result in invalidation because Google could have included claims 2, 3, 4, 5, 8, and 11 in its IPRs but chose not to, and therefore it was precluded from relitigating those claims before the USPTO or this Court. Dkt. No. 42.

Vedanti did not file a patent owner statement in the reexamination proceeding, and the USPTO issued a non-final office action rejecting all remaining claims of the '339 patent as unpatentable in view of Spriggs and Golin. Unikel Decl., Ex. H. The USPTO gave the patent owner an additional two months to file a response.[1] *Id.* Vedanti then stipulated to a stay of this

---

[1] The reexamination communications from the USPTO that Google submitted in support of its fees motion are addressed to Constance Nash and VSL, not to Vedanti. Unikel Decl., Exs. H, I. It is unclear what relation, if any, Ms. Nash and VSL have to Vedanti. Regardless, the parties do not dispute that Vedanti owns all rights, title, and interest to the '339 patent, and that Vedanti was well

Case No.: 5:21-cv-01643-EJD
ORDER DENYING MOT. FOR ATTYS' FEES
3

1   action on March 18, 2021.  Dkt. No. 70.

2        Vedanti did not file a patent owner's response to the USPTO's non-final office action, and the USPTO accordingly issued a notice of intent to issue an *ex parte* reexamination certificate cancelling the remaining claims of the '339 patent.  Unikel Decl., Ex. I.  The USPTO issued the certificate on June 25, 2021.  Dkt. No. 75-1. The parties then stipulated to dismissing this action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Dkt. No. 77.

     Google filed the motion for attorneys' fees now before the Court on August 9, 2021, seeking a total of $426,631.14 for 625.1 hours of work by six attorneys and one paralegal.  Dkt. No. 82; Unikel Decl. ¶ 5.  Google does not seek to recover any costs.

## II. LEGAL STANDARD

     "The court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  An exceptional case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Courts consider "the totality of the circumstances" when deciding whether a case is "exceptional."  *Id.*  In making the determination, courts may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Id.* at 554 n.6 (quotation marks and citation omitted).  Under this test, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."  *Id.* at 555.

     Courts do not award attorneys' fees as "a penalty for failure to win a patent infringement suit."  *Id.* at 548 (quotation marks and citation omitted).  "The legislative purpose behind § 285 is to prevent a party from suffering a 'gross injustice,'" not to punish a party for losing.  *Checkpoint*

---

aware of the reexamination proceedings at the time they occurred.

*Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017); *see also Vasudevan Software, Inc. v. Microstrategy, Inc.*, No. 11-cv-06637-RS, 2015 WL 4940635, at *5 (N.D. Cal. Aug. 19, 2015) ("[O]ther courts in this district have suggested that merely taking an aggressive stance while positing stretched or unsuccessful infringement theories does not, without more, warrant fee-shifting."); *TransPerfect Global, Inc. v. MotionPoint Corp.*, No. C 10-2590 CW, 2014 WL 6068384, at *8 (N.D. Cal. Nov. 13, 2014) (finding "frivolous arguments" and other missteps, only some of which were inadvertent, too minor to justify a fee award); *Kreative Power, LLC v. Monoprice, Inc.*, No. 14-cv-02991-SI, 2015 WL 1967289, at *5 (N.D. Cal. Apr. 30, 2015). An exceptional case determination must find support in a "preponderance of evidence." *Octane Fitness*, 572 U.S. at 557–58.

### III.   DISCUSSION

The parties do not dispute that Google is the prevailing party here. The Court begins with the question of whether this case is exceptional under 35 U.S.C. § 285 based on the strength of Vedanti's litigating position or the manner in which it litigated, and then addresses Google's request for fees under the Copyright Act.

#### A.   Substantive Strength of Vedanti's Claims

Google argues that Vedanti had knowledge of the outcome of the two IPRs and thus should have known that the remaining claims of the '339 patent were also invalid. Mot. at 6–8. Google contends that Vedanti's maintenance of this suit despite that knowledge and multiple opportunities to change course was unreasonable and therefore exceptional.

The Court disagrees that Vedanti's decision to pursue this action despite the previous two IPRs was "exceptionally meritless." *Octane Fitness*, 572 U.S. at 555. "In *Octane Fitness*, the Supreme Court made clear that it is the 'substantive *strength* of the party's litigating position' that is relevant to an exceptional case determination, not the *correctness* or eventual success of that position." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (emphases added) (quoting *Octane Fitness*, 572 U.S. at 554); *see also Location Based Servs., LLC v. Niantic, Inc.*, No. 17-cv-04413 NC, 2018 WL 7569160, at *3 (N.D. Cal. Feb. 16, 2018) (noting that simply

taking an aggressive litigation stance while advancing stretched or unsuccessful infringement theories does not warrant fee shifting). In determining whether a case is substantively weak, courts look for objective baselessness or frivolousness, not whether a patent originally allowed by a patent examiner was later invalidated. *PersonalWeb Techs. LLC v. EMC Corp.*, No. 5:13-cv-01358-EJD, 2020 WL 3639676, at *4 (N.D. Cal. July 6, 2020); *Location Based Servs.*, 2018 WL 7569160, at *2 ("As to the substantive strength (or weakness) of a party's litigation position, courts in this district tend to award fees when a plaintiff persists with a clearly untenable claim, or adduces no evidence in support of its position."); *Gametek LLC v. Zynga, Inc.*, No. CV 13-2546 RS, 2014 WL 4351414, at *3 (N.D. Cal. Sept. 2, 2014) (declining to find case exceptional because plaintiff's litigating position, though weak, did not "descend to the level of frivolous argument or objective unreasonableness"). An objectively baseless or frivolous patent case is one "that no reasonable litigant could reasonably expect success on the merits." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013). Courts have found such objective baselessness when, for example, a plaintiff fails to conduct a proper prefiling investigation of its infringement claims or refuses to dismiss after receiving conclusive evidence of noninfringement in code or schematics. *See Yufa v. TSI Inc.*, No. 09-cv-01315-KAW, 2014 WL 4071902, at *3–5, 8 (N.D. Cal. Aug. 14, 2014).

      Google attempts to cast Vedanti's case as one of insufficient pre-suit investigation, but that argument is not persuasive. Google's reliance on case law concerning pre-suit investigation into factual and objectively verifiable *infringement* is misplaced where, as here, the parties disagreed on a legal question of *validity*. Mot. at 6, 7 (citing *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347 (Fed. Cir. 2019)). Vedanti was admittedly aware of the IPRs, but when it filed suit, the validity of the remaining claims had not yet been adjudicated. And while the decision to proceed with litigation might have been ill-advised, the Court cannot say that it was frivolous.

      The Court is likewise unpersuaded by Google's argument that Vedanti was willfully ignorant of the Spriggs and Golin prior art references. *Id.* at 7 (citing *Rothschild Connected Devices Innovations, LLC v. Guardian Protection Servs., Inc.*, 858 F.3d 1383 (Fed. Cir. 2017));

Case No.: 5:21-cv-01643-EJD
ORDER DENYING MOT. FOR ATTYS' FEES
6

1  Def. Google LLC's Reply in Supp. of Its Mot. for Attorneys' Fees ("Reply"), Dkt. No. 84, at 2–4
2  (same). The Federal Circuit found that the district court erred by failing to consider the sworn
3  declarations from Rothschild's counsel and founder admitting that they "had not conducted an
4  analysis of any of the prior art . . . to form a belief as to whether that prior art would invalidate"
5  the asserted patent but nevertheless maintaining that they possessed a good faith belief in the
6  asserted patent's validity. *Rothschild*, 858 F.3d at 1387. But there is no such evidence of willful
7  ignorance here. Rather, Vedanti acknowledged the Spriggs and Golin references and the outcome
8  of the IPRs from the very beginning of this case. *See* Dkt. No. 1 ¶¶ 34-36. "That [Vedanti's]
9  patent was ultimately held unpatentable does not alone translate to finding its defense of the patent
10  unreasonable." *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1380 (Fed. Cir. 2020) (citing
11  *SFA Sys.*, 794 F.3d at 1348). As Vedanti argued, "duly issued patents are presumed valid." 35
12  U.S.C. § 282(a); *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Hence, it was not
13  unreasonable for Vedanti to rely on the validity of the remaining claims. *Pac. Coast Building*
14  *Prods., Inc. v. CertainTeed Gypsum, Inc.*, No. 18-cv-00346-LHK, 2021 WL 75755, at *3 (N.D.
15  Cal. Jan. 28, 2022); (rejecting defendant's argument that plaintiff's litigation position was
16  exceptionally meritless because, among other reasons, the statutory presumption of validity
17  attached and plaintiff's expectation of validity was not frivolous); *PersonalWeb Techs.*, 2020 WL
18  3639676, at *5 (not unreasonable for plaintiff to rely on validity of issued patents).
19       In sum, Vedanti "may have asserted a losing argument, but this does not amount to the
20  type of extraordinary misconduct reserved for finding a case exceptional." *H-W Tech., Inc. v.*
21  *Overstock.com, Inc.*, No. 3:12-CV-0636-G BH, 2014 WL 4378750, at *4 (N.D. Tex. Sept. 3,
22  2014)) (citing *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.,* 650 F.3d 1305, 1315 (Fed. Cir. 2010);
23  *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1369 (Fed. Cir. 2007)).

### B.     Vedanti's Manner of Litigation

25  Google also argues that this case is exceptional because Vedanti litigated in an
26  unreasonable manner. Specifically, Google points to (1) Vedanti's supposed failure to conduct an
27  adequate pre-suit investigation and (2) Vedanti's opposition to staying the action pending

reexamination of the '339 patent but ultimately refusing to litigate the reexamination before the USPTO. Mot. at 9–10. As to the adequacy of Vedanti's pre-suit investigation, the Court does not find its actions unreasonable for the same reasons discussed above. *See supra* Section III.A.

Turning to the stay and reexamination issue, Google argues that in opposing the stay but not litigating the reexamination, "Vedanti's actions did not comport with its representations to the Court." Mot. at 10. A review of Vedanti's opposition to the motion to stay shows that Vedanti argued against a stay because, among other reasons, it believed that the reexamination would be unsuccessful based on IPR and post-grant estoppel. Dkt. No. 42 at 6–7 (citing 35 U.S.C. §§ 315(e), 325(d); *Adv. Bionics, LLC v. MEDEL Elektromedizinische Gerate Gmbh*, No. IPR2019-01469, 2020 WL 740292, at *3 (Patent Tr. & App. Bd. Feb. 13, 2020)). Nowhere in Vedanti's opposition does it state that it planned to fight the reexamination or otherwise file a patent owner's response. The Court does not agree with Google that Vedanti made any affirmative misrepresentation to the Court.

Google contends that even if Vedanti had a change of heart within the two weeks between opposing the stay and the deadline to file a patent owner response, Vedanti should have immediately dismissed this action or at least informed the Court that it did not plan to oppose the reexamination. Mot. at 10. As a result, Google claims it "was forced to engage in needless litigation activity (including substantial motion practice and fact investigation) and to incur substantial costs." *Id.* Google cites no authority suggesting that a patent owner should immediately dismiss an action or is required to inform the Court that it does not plan to oppose the reexamination, and that failure to take either action was per se unreasonable. At any rate, Google's motion does not seek fees for any work done after preparing a reply brief in support of the motion for a stay pending reexamination. *See* Unikel Decl. ¶ 3 (seeking fees from August 2020 through January 2021).

Vedanti provides no explanation whatsoever for its actions concerning the reexamination, an omission the Court finds concerning. But the Court cannot say that the mere acts of opposing a stay and then electing not to litigate the reexamination, without more, constitute sufficiently

Case No.: 5:21-cv-01643-EJD
ORDER DENYING MOT. FOR ATTYS' FEES

8

egregious conduct to qualify as exceptional under § 285. *Cf. SFA Sys.*, 793 F.3d at 1351–52 (noting that the district court did not find any evidence of misrepresentation or misleading statements by the plaintiff during the course of the litigation). This situation is simply not the same level of misconduct in cases deemed exceptional. *See, e.g.*, *id.* at 1349–50 (citing cases concerning destruction of relevant documents and lodging of incomplete and misleading extrinsic evidence, extracting nuisance value settlements, misrepresenting the law and the court's claims constructions, introducing and relying on expert testimony that failed to meet even minimal standards of reliability, and an overall vexatious litigation strategy and numerous instances of litigation misconduct over a decade); *Gametek*, 2014 WL 4351414, at *3 (citing cases concerning false declarations before the USPTO, relitigating issues decided at trial on post-trial motions, seeking a preliminary injunction based on a previously rejected theory of liability and filing frivolous post-dismissal motions). *Cf. PersonalWeb Techs.*, 2020 WL 3639676, at *2–4 (finding that refusing to stay pending IPR was not egregious behavior).

In conclusion, considering the totality of the circumstances, the Court finds that this case is not exceptional under 35 U.S.C. § 285 and declines to exercise its discretion to award attorneys' fees. *Octane Fitness*, 572 U.S. at 554.

### C. Copyright Claim

In its reply brief, Google makes a belated pitch for attorneys' fees under the Copyright Act, 15 U.S.C. § 505. Reply at 8–9. Google concedes that it did not expressly seek § 505 fees in its opening motion. *Id.* at 8. Rather, it initially raised the copyright claim as further evidence of Vedanti's purported insufficient pre-suit investigation. Mot. at 9. Google only requested § 505 fees after Vedanti pointed out that seeking recovery under § 285 for a copyright claim is impermissible under long-standing Federal Circuit law. Opp'n at 7; *Gjerlov v. Schuyler Labs, Inc.*, 131 F.3d 1016, 1025 (Fed. Cir. 1997) ("'When an action embraces both patent and non-patent claims, no fees under section 285 can be awarded for time incurred in litigation of the non-patent issues.'" (quoting *Machinery Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 475 (Fed. Cir. 1985))). The irony of Google's request is not lost on the Court.

Case No.: 5:21-cv-01643-EJD
ORDER DENYING MOT. FOR ATTYS' FEES
9

Because Google's request for § 505 fees constitutes a new argument raised on reply, the Court denies the request. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Google's motion for attorneys' fees.

**IT IS SO ORDERED.**

Dated: March 16, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01643-EJD
ORDER DENYING MOT. FOR ATTYS' FEES
10